# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **O.W.**

**No. 21-0850** (Randolph County 21-JA-37)

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's September 20, 2021, order terminating her parental rights to O.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Gary L. Michels, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in denying her motion for a post-adjudicatory improvement period and, instead, terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2021, the DHHR filed a child abuse and neglect petition alleging that the parents' substance abuse negatively affected their ability to parent the child and that the parents relied on inappropriate caregivers to care for the child. The DHHR alleged that the parents were living in a home with seven other adults, which was strewn with refuse. The DHHR alleged that the parents' room contained drug paraphernalia, medication that was not prescribed to either parent, and marijuana. The DHHR noted that the parents' room, in particular, was "deplorable and unsuitable for a child." The parents indicated that the then-three-month-old child slept in a pack-and-play in the room. However, the pack-and-play was observed to be "full of items" and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

there was no place for the child to sleep. The parents stated that the child was staying with a babysitter at the time of the DHHR's investigation but "could not or would not" provide that person's name or contact information. The DHHR later determined that the individual supervising the child had her parental rights terminated to her own children. Following the investigation of the home, the parents submitted to a drug screen, and petitioner tested positive for methamphetamine, amphetamine, and tetrahydrocannabinol ("THC"). Petitioner asserted that she relapsed "around Easter," approximately one month earlier. The DHHR also alleged that petitioner was a respondent in an abuse and neglect proceeding in 2020 and ultimately voluntarily relinquished her guardianship rights to four older children as a result of those proceedings. Petitioner's older children were placed with a family member, and petitioner was permitted visitation with those children provided she participated in random drug screening. The DHHR reported that petitioner's blood test results were positive for methamphetamine on February 19, 2021, and March 17, 2021, and then petitioner ceased her participation in drug screens and visitation with those older children. The DHHR also noted that petitioner submitted to urinalysis drug screens in tandem with the February of 2021 and March of 2021 blood test drug screens. Petitioner's urinalysis drug screens returned negative results, which caused the DHHR to "question the reliability and validity" of petitioner's prior negative drug screen results.

In July of 2021, the circuit court held an adjudicatory hearing. Petitioner did not appear, but counsel represented her. The DHHR presented evidence consistent with the allegations in the petition, but petitioner presented no evidence. The circuit court found that petitioner's home was not suitable for the child, that petitioner had a history of substance abuse and had admitted to current substance abuse, and that petitioner had a history of child neglect that had not improved since the most recent proceedings. The circuit court adjudicated petitioner as an abusing parent and O.W. as a neglected child.

The circuit court held a final dispositional hearing in August of 2021. Petitioner moved for a post-adjudicatory improvement period and testified that she would fully participate in services. She further testified that she submitted to a few drug screens "randomly on [her] own" since the inception of these proceedings but acknowledged that she was not participating as scheduled. According to petitioner's testimony, she last used methamphetamine one month prior to the dispositional hearing, but she denied using methamphetamine in February and March of 2021. She testified that she started using methamphetamine after O.W. was removed from her care. Finally, when petitioner was asked if she engaged in "any abusive or neglectful behavior" prior to the child's removal, she answered, "no."

Ultimately, the circuit court found that petitioner denied she abused or neglected O.W. The circuit court found that petitioner was adjudicated for abusing and neglecting the child and failed to accept any responsibility for the conditions of abuse and neglect. The circuit court also found that petitioner was involved in a recent abuse and neglect action where she was eligible to visit with her older children, but she failed to participate in requisite random drug screening or tested positive for controlled substances when she tested so the visitations ceased. The court found that since the filing of the petition, petitioner produced only one sample for drug testing. Based on the foregoing, the circuit court denied petitioner's motion for a post-adjudicatory improvement period. Further, the circuit court found that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect on her own or with help. The court concluded

2

that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental rights to the child by its September 20, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court abused its discretion in denying her motion for a post-adjudicatory improvement period and, instead, terminating her parental rights. Petitioner asserts that she presented clear and convincing evidence that she would fully participate in an improvement period through her testimony that she agreed to participate in services and several negative drug screens she submitted from November of 2020 to March of 2021, although she also acknowledges that she missed several appointments to drug screen, as well. She further emphasizes that she was willing to participate in a substance abuse rehabilitation program and made unilateral efforts to obtain housing, employment, and a GED. We find petitioner is entitled to no relief on appeal.

In order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must first "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period." "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va.

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in her current placement.

3

443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Critically, the circuit court found that petitioner failed to acknowledge the conditions of abuse and neglect. This Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Indeed, on appeal petitioner does not address her unequivocal testimony that she did not subject O.W. to any abuse or neglect while the child was in her custody. Petitioner denied that she used controlled substances while the child was in her care, despite blood test results that were positive for methamphetamine on two different occasions while she had custody of O.W. Further, petitioner denied the deplorable conditions of her home, including the room where she and the child slept. Although petitioner asserted that she would fully participate in an improvement period, it is clear from her testimony that she failed to acknowledge the conditions of neglect and abuse, and, therefore, an improvement period would be futile. Therefore, we find the circuit court did not abuse its discretion in denying petitioner's motion for a post-adjudicatory improvement period.

Furthermore, we find no error in the circuit court's termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the abusing adult has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." As set forth above, petitioner's failure to acknowledge the conditions of abuse and neglect leaves no hope that she will improve the conditions of abuse and neglect. Petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions could be corrected in the near future, and we find no error in that finding upon our review. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court was well within its discretion to terminate petitioner's parental rights based on the findings below. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 20, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment